JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—
# GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01014-JWH-ADS | Date | August 2, 2023 |
| Title | *Dan Li v. Patricia Class, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** ORDER REGARDING PLAINTIFF'S *EX PARTE* APPLICATION TO REMAND AND FOR ATTORNEYS' FEES [ECF No. 8]

## I. INTRODUCTION

Before the Court is the *ex parte* application of Plaintiff Dan Li to remand this action to Orange County Superior Court and for an award of attorneys' fees.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED in part** and **DENIED in part**, for the reasons set forth herein.

---

[1] Pl.'s *Ex Parte* App. for Remand & Att'y Fees (the "Application") [ECF No. 8].

[2] The Court considered the documents of record in this action, including the following papers: (1) Notice of Removal (the "Notice") [ECF No. 1]; (2) Application (including its attachments); and (3) Pl.'s Opp'n to the Application (the "Opposition") [ECF No. 11].

## II.  BACKGROUND

Defendant Patricia Class removed this action to this Court on June 9, 2023, while acting *pro se* and without counsel.[3]  Li had filed his action in Orange County Superior Court on February 2, 2023, asserting a claim against Class for unlawful detainer, and process was served on March 24, 2023.[4]  Class filed a demurrer in response to Li's Complaint in April 2023, which the state court overruled on May 5, 2023.[5]  Class then answered the Complaint on May 12, 2023, and trial was scheduled for June 14, 2023.[6]  Class removed this action five days before trial.[7]

## III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.  *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.

---

[3]     *See* Notice 1:17-22.

[4]     Application 3:3-9.

[5]     *Id.* at 3:9-11.

[6]     *Id.* at 3:11-13.

[7]     *Id.* at 3:17-20.

The right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## IV. DISCUSSION

### A. Remand

Li argues that remand is procedurally required because Class failed to remove this case within 30 days of service.[8] The removal statute sets a 30-day time limit for removal:

> The notice of removal of a civil action or proceeding ***shall be filed within 30 days after the receipt by the defendant***, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added).

Here, Class does not dispute that she failed to file her removal within 30 days of service. Although Class was acting *pro se* when she removed this case, she has since retained counsel. In her Opposition—which her counsel filed on her behalf—Class did not make any substantive argument that removal was timely.[9] Class acknowledges that she was aware of the underlying state action by March 20, 2023,

---

[8]   *Id.* at 3:22-27.

[9]   Opposition 1:20-25.

and, instead of removing the case, Class filed a demurrer in state court, and she even answered the Complaint after the state court overruled her demurrer.[10]

Even if Class had timely filed her removal, this Court would still lack subject matter jurisdiction because there is no diversity between parties, and Class failed to identify in her Notice of Removal any basis for subject matter jurisdiction.[11]  The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  *See Wayne v. DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002).  Here, Class does not provide a cognizable basis for removal, and, accordingly, the Court **GRANTS** Li's Application and **REMANDS** this case to Orange County Superior Court.

**B.     Attorneys' Fees**

Li moves for an award of the reasonable attorneys' fees that he incurred in connection with filing this Application.  Courts may award reasonably attorneys' fees and costs associated with motions for remand.  *See* 28 U.S.C. § 1447(c).  Class filed her removal without the assistance of counsel, however, and the Ninth Circuit directs lower courts that "*pro se* plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."  *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).  Class has now retained counsel, and the Court anticipates that she will not undertake further meritless actions in this case.  Accordingly, Li's Application is **DENIED** with respect to attorneys' fees.

## V.   DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     Li's Application to remand this case to state court is **GRANTED**.

2.     Li's Application for attorneys' fees is **DENIED**.

---

[10]     *Id.* at 4:8-5:10.

[11]     *See* Notice ¶¶ 6-11.

3.   This case is **REMANDED** to Orange County Superior Court.

**IT IS SO ORDERED.**